IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOSE ALFREDO AMAYA,** *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>**INFINITE HOMES GROUP 646/500 LLC,** *et al.*<br><br>*Defendants*. | **Case No.: 1:24-cv-00031-SAG** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS INFINITE HOMES, SHAY MOKAI, E.S. HOMES, LLC, AND ERON HEATH'S <u>MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ i

INTRODUCTION ............................................................................................................................. 1

BACKGROUND .............................................................................................................................. 2

APPLICABLE LEGAL STANDARDS .................................................................................................. 3

ARGUMENT .................................................................................................................................. 4

   I.  Plaintiffs' Federal Claims Must Be Dismissed Because the Amended Complaint Fails to Sufficiently Allege that Plaintiffs are Individually Covered by the FLSA or that the Infinite Home Defendants are an Enterprise under the FLSA. ...................................... 4

      A.  Plaintiffs Fail to Sufficiently Alleged Individual Coverage Under the FLSA ........ 5

      B.  Plaintiffs Fail to Sufficiently Allege Enterprise Coverage under the FLSA. .......... 8

## TABLE OF AUTHORITIES

**Cases**

*10 E. 40th St. Bldg. v. Callus*, 325 U.S. 578 (1945) ............................................................................ 5

*Aguilar v. LR Coin Laundromat, Inc.*, 2012 U.S. Dist. LEXIS 61393, 2012 WL 1569552 (D. Md. 2012) .................................................................................................................................................. 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................... 4

*Baney Corp. v. Agilysys NV, LLC*, 773 F. Supp. 2d 593 (D. Md. 2011) ......................................... 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................... 4

*Bellows v. Darby Landscaping*, 2016 U.S. Dist. LEXIS 7416, 2016 WL 264914 (D. Md. 2016) ............................................................................................. 7, 13

*Coach, Inc. v. Farmers Mkt. & Auction*, 881 F. Supp. 2d 695 (D. Md. 2012) .......................... 4, 12

*Compass Mktg. v. Flywheel Digit., LLC*, Civil Action No. GLR-22-379, 2023 U.S. Dist. LEXIS 31392 (D. Md. Feb. 24, 2023) ............................................................... 14

*Dixon v. Open Hands Nurseing Agency, LLC*, 2018 U.S. Dist. LEXIS 194700, 2018 WL 5995127 (D.S.C. Nov. 14, 2018) .............................................................................. 5, 8

*Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175 (4th Cir. 2000) ................ 4, 12

*Ergashov v. Glob. Dynamic Transp., LLC*, 2015 U.S. Dist. LEXIS 154874, 2015 WL 13229505 (D. Md. 2015) ........................................................................................ 10, 11

*Ergashov v. Glob. Dynamic Transp., LLC*, 680 F. App'x 161 (4th Cir. 2017) ..................... *passim*

*Green v. Sw. Credit Sys., L.P.*, 220 F. Supp. 3d 623 (D. Md. 2016) ............................................. 3

*Migdal v. Rowe Price-Fleming Int'l*, 248 F.3d 321 (4th Cir. 2001) .............................................. 4

*Peters v. Salon Xhilaration*, 2016 U.S. Dist. LEXIS 119356, 2016 WL 4599943 (E.D. Va. 2016) .................................................................................................. 10

*Rosero v. Johnson*, Civil Action No. GLR-21-588, 2023 U.S. Dist. LEXIS 161793 (D. Md. Sep. 11, 2023) ........................................................... 13

*Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521 (D. Md. 2006) ................................................. 6

*Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995) ...................................................................... 13

*Wirtz v. Modern Trashmoval, Inc.*, 323 F.2d 451 (4th Cir. 1963) ................................................. 7

**Statutes**

28 U.S.C. § 1332 ........................................................................................................................... 13

28 U.S.C. § 1367 ........................................................................................................................... 13

29 U.S.C. § 203 ......................................................................................................................... 5, 9

29 U.S.C. § 206 .............................................................................................................................. 6

**Other Authorities**

Fair Labor Standards Amendments of 1966, 89 P.L. 601, 80 Stat. 830 ........................................ 9

Fair Labor Standards Amendments of 1989, 101 P.L. 157, 103 Stat. 938 .................................. 10

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................... 3

**Regulations**

29 C.F.R. § 776.9 .................................................................................................................. 6

**INTRODUCTION**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Local Rule 7.1(e), the Infinite Homes Defendants, Shay Mokai, E.S. Homes, LLC, and Eron Heath, submit this Memorandum in Support of their Motion for Partial Judgment on the Pleadings to dismiss Count I, asserting federal claims under the Fair Labor Standards Act ("FLSA"), for failure to state a claim. The allegations in the Amended Complaint fail to establish that the Plaintiffs' claims fall within the scope of the FLSA. Specifically, Plaintiffs have failed to demonstrate the threshold requirement that their job activities or Defendants' business activities are involved in interstate commerce. Such omissions are fatal to Plaintiffs' FLSA claims.

Accordingly, the Court should dismiss Plaintiffs' federal claims, decline to exercise supplemental jurisdiction over the remaining state law claims, and dismiss Defendants Shay Mokai and Infinite Homes Limited Liability Companies (hereinafter collectively the "Infinite Homes Defendants")[1] along with E.S. Homes, LLC and Eron Heath (hereinafter collectively "E.S. Homes") from this case.[2]

---

[1] The Infinite Homes Defendants are comprised of the following twelve named Defendants: **1)** Infinite Homes Group 646/500 LLC, **2)** Infinite Homes Group 218 LLC, **3)** Infinite Homes Group 4108 LLC, **4)** Infinite Homes Group 21AC LLC, **5)** Infinite Homes Group 8N LLC, **6)** Infinite Homes Group 21AA LLC, **7)** Infinite Homes Group 21AD LLC, **8)** Infinite Homes Group 21AE LLC, **9)** Infinite Homes Group 21AHI LL, **10)** Infinite Homes Group 2601 LLC, and **11)** Infinite Homes Group 3629 LLC, **12)** and Shay Mokai who is a member of these LLCs.

[2] Defendants Alfredo Sandoval and Greilyn Construction LLC have failed to appear or otherwise defend and the Clerk has entered default against them. ECF 33. The Infinite Homes Defendants and E.S. Homes take no position on Plaintiffs' claims against the defaulted defendants.

## BACKGROUND[3]

### I. Defendants

Defendant Shay Mokai is alleged to be a Maryland resident and owner of eleven Defendant Infinite Homes Liability Companies named as defendants, all of which have a principal place of business in Baltimore, Maryland. *See* Compl. ¶¶ 11-23. According to the Complaint, the Infinite Homes Defendants "engage in related activities, repairing and rehabilitating Baltimore homes, for the common business purpose of resale in the real estate market" that included the purchase of "roughly 250 residential units split among 75 properties in Baltimore, Maryland." *Id.* at ¶¶ 22, 29.

Between late 2021 and early 2022, the Infinite Homes Defendants contracted Defendant Greilyn, a Maryland Limited Liability Company with its principal place of business in Baltimore City, Maryland, "to perform construction work on [Infinite Homes'] properties." *Id.* at ¶¶ 24, 32. Defendant Alfredo Sandoval is a Maryland resident who "owns and exercises operational control over Greylin." *Id.* at ¶ 25. In or around May 2022, the Infinite Homes Defendants then contracted E.S. Homes, another Maryland Limited Liability Company with its principal place of business in Baltimore City, Maryland, to "continue the repair and rehabilitation of [Infinite Homes'] properties." *Id.* at ¶¶ 26, 38. Defendant Eron Heath is a Maryland resident who "owns and exercises operational control over E.S. Homes." *Id.* at ¶ 27.

### II. Plaintiffs

Plaintiffs Jose Alfredo Amaya, Luis Miranda, and Moises Aleman ("Plaintiffs") are all Maryland residents who allege that they "worked on at least nineteen Infinite Homes properties in Baltimore City" identified in the Amended Complaint (the "Properties"). *Id.* at ¶¶ 7-9, 31, 39. *Id.*

---

[3] The Infinite Homes Defendants and E.S. Homes accept the factual allegations in the Amended Complaint as true for the purposes of this motion only and reserve the right to challenge Plaintiffs' version of events in later proceedings and filings.

2

at ¶¶ 25, 33, 46.  The Amended Complaint alleges that Plaintiff Amaya worked between December 2021 and September 2022, that Plaintiff Miranda worked on Infinite Homes' properties between March 2022 and June 2022, and that Plaintiff Aleman worked on Infinite Homes' properties between March 2022 and mid-May.  *Id.* at ¶¶ 40, 42, 44.

Plaintiffs were first hired by Sandoval to work for Greylin.  *Id.* at ¶ 33.  Plaintiffs Amaya and Miranda then worked for Defendant E.S. Homes when it replaced Greylin as the contractor for Infinite Homes Defendants.  *Id.* at ¶ 38.  Plaintiff Aleman, however, stopped working on Infinite Homes properties after the switch in contractors.  *Id.* at ¶ 46.  Each Plaintiff alleges that during their time working on Infinite Homes' Properties, they "worked Monday through Friday from approximately 7:45 a.m. or 8:00 a.m. until approximately 5:30 p.m. to 7:00 p.m. with a break of approximately 30 to 40 minutes."  *Id.* at ¶¶ 41, 43, 45.

Plaintiffs allege that Defendants did not fully pay them for their work, including overtime.  *See id*. at ¶ 62-64.  Pertinent to this motion, the Plaintiffs filed suit against Defendants, asserting claims under the Fair Labor Standards Act (Count I).  Plaintiffs also filed claims under the Maryland Wage and Hour Law (Count II), the Maryland Wage Payment and Collection Law (Count III), the Maryland Workplace Fraud Act (Count IV), and a claim of quantum meruit (Count V).

## APPLICABLE LEGAL STANDARDS

A party may move for judgment on the pleadings after the pleadings are closed, so long as it is made early enough so as not to delay trial.  *See* Fed. R. Civ. P. 12(c).  "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard applicable to motions to dismiss under Rule 12(b)(6)."  *Green v. Sw. Credit Sys., L.P.*, 220 F. Supp. 3d 623, 624 (D. Md. 2016) (citing *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009)).

3

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept the well-pleaded allegations of the complaint as true." *Baney Corp. v. Agilysys NV, LLC*, 773 F. Supp. 2d 593, 599 (D. Md. 2011) (citations and quotation marks omitted). However, the Court is not required to accept any fact inconsistent with the complaint's allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000). The Court also "need not accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Coach, Inc. v. Farmers Mkt. & Auction*, 881 F. Supp. 2d 695, 700 (D. Md. 2012) (internal citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege plausible facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, although Rule 8(a) is a liberal pleading standard, "more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Migdal v. Rowe Price-Fleming Int'l*, 248 F.3d 321, 326 (4th Cir. 2001).

## ARGUMENT

I. **Plaintiffs' Federal Claims Must Be Dismissed Because the Amended Complaint Fails to Sufficiently Allege that Plaintiffs are Individually Covered by the FLSA or that the Infinite Home Defendants are an Enterprise under the FLSA.**

The FLSA does not permit courts to "absorb by adjudication essentially local activities." *10 E. 40th St. Bldg. v. Callus*, 325 U.S. 578, 582-83 (1945). The FLSA applies to a business or

enterprise only if, as relevant here, it "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and its "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A) (2012). "Commerce" in the FLSA is defined as "trade, commerce, transportation, transmission, or communication *among the several States or between any State* and any place outside thereof." 29 U.S.C. § 203(b) (emphasis added).

"FLSA coverage is an essential part of Plaintiff's claim; thus, it is incumbent upon Plaintiff to establish such coverage exists." *Dixon v. Open Hands Nurseing Agency, LLC*, 2018 U.S. Dist. LEXIS 194700, at *12, 2018 WL 5995127, at *4 (D.S.C. Nov. 14, 2018) (citing *Velasquez v. Salsas and Beer Rest. Inc.*, 735 F. App'x 807 (4th Cir. 2018)). *See also Ergashov v. Glob. Dynamic Transp., LLC*, 680 F. App'x 161, 163 (4th Cir. 2017) (affirming dismissal of complaint that failed to sufficiently allege either individual or enterprise coverage under the FLSA).

Here, Count I of the Amended Complaint alleges violations of Sections 206 and 207 of the FLSA. *See* Amend. Compl. ¶¶ 95-99. There is nothing in the Amended Complaint, however, that indicates that Plaintiffs were employees engaged in commerce or the production of goods for commerce, and therefore, they are not covered employees under the FLSA ("individual coverage"). The Amended Complaint also fails to sufficiently allege that the Infinite Homes Defendants or E.S. Homes are an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage").

### A. Plaintiffs Fail to Sufficiently Alleged Individual Coverage Under the FLSA

The FLSA's provisions may cover a particular employee if that employee was "engaged in commerce or in the production of goods." *See* 29 U.S.C. §§ 206, 207. To determine whether an

employee's work involves interstate commerce, "a court must focus its inquiry on the activities of the employee and not on the business of the employer." *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006) (citing *Mitchell v. Lublin McGaughy and Assocs.*, 358 U.S. 207, 211 (1959)). FLSA regulations make clear that the FLSA "does not include employees engaged in activities which *merely 'affect'* such interstate or foreign commerce." 29 C.F.R. § 776.9 (emphasis added).

Accordingly, "the definitive test is not whether the employee's tasks have some remote effect on interstate commerce, but *whether the employee participated in the channels of commerce*." *Russell*, 430 F. Supp. 2d at 525 (emphasis added). Specifically, "'[t]he test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity.'" *Bellows v. Darby Landscaping*, 2016 U.S. Dist. LEXIS 7416, 2016 WL 264914, at *4 (D. Md. 2016) (quoting *Wirtz v. Modern Trashmoval, Inc.*, 323 F.2d 451, 457 (4th Cir. 1963)).

The Fourth Circuit's decisions in *Wirtz* and *Ergashov* are instructive. In *Wirtz*, the Fourth Circuit held that employees engaged in the collection of and disposal of trash solely in Baltimore City were not covered by the FLSA, reasoning that "[f]ar from feeding or supporting the interstate flow of commerce, *these employees deposited the materials handled at an ultimate in-state destination*." 323 F.2d at 457 (emphasis added). Similarly, in *Ergashov*, the Fourth Circuit held that employees who delivered donuts to a national franchise company but only to locations in and around Baltimore City did not come within the scope of the FLSA. *Ergashov*, 680 F. App'x at 167. The Fourth Circuit concluded that "[t]he mere fact that the stores to which [plaintiffs] delivered donuts were part of a national franchise is not enough by itself to establish that the Appellants were engaged in interstate commerce, as opposed to merely affecting it." *Id.*

6

Consistent with circuit precedent, district courts within the Fourth Circuit have consistently held that employees with purely local job responsibilities do not fall within FLSA's individual coverage even if their work has an incidental impact on interstate commerce. *See, e.g.*, *Russell*, 430 F. Supp. 2d at 525 (finding that plaintiff's handling of restaurant's produce that might have an out-of-state origin does not demonstrate the plaintiff has engaged in interstate commerce); *Bellows*, 2016 U.S. Dist. LEXIS 7416, at *3-4, 2016 WL 264914, at *3-4 (holding that individual coverage did not apply to a lawn foreman, who argued he used chemicals, power tools, vehicles, and fertilizers that he believes were manufactured out of state). Thus, "[i]t is settled law that employees who handle goods which are acquired by a merchant for general local disposition are not engaged in commerce for purposes of the FLSA." *Dixon*, 2018 U.S. Dist. LEXIS 194700, at *18, 2018 WL 5995127, at *6 (citing *McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943)).

Here, Plaintiffs fail to establish that they are subject to individual coverage under the FLSA. The Amended Complaint does not even allege any facts that indicate that Plaintiffs' job activities directly affected interstate commerce. On the contrary, the Amended Complaint emphasizes the intrastate nature of Plaintiffs' work. Plaintiffs are *residents of Maryland* who allege they worked exclusively on properties *in Baltimore, Maryland* for Defendants, all of whom either resided or had a principal place of business in *Maryland* during the relevant events in this case. *See* Amend. Compl. ¶¶ 7-27, 31. Plaintiffs allege that their job duties included "caulking, painting, removing paint, installing and removing doors and cabinets, repairing gutters and drains, installing drywall, and pouring mortar and concrete" at the Infinite Homes' properties *located in Baltimore City*. *Id.* at ¶¶ 31, 35, 39. Plaintiffs do not allege they traveled outside Maryland for any work. Put simply, there is nothing about Plaintiffs' work based in *Baltimore City* that directly

affected interstate commerce. Rather, Plaintiffs' job duties were purely local in nature. Accordingly, Plaintiffs have not established individual coverage under the FLSA.

**B. Plaintiffs Fail to Sufficiently Allege Enterprise Coverage under the FLSA.**

A plaintiff who is not individually engaged in commerce still may be covered by the FLSA if the plaintiff was an employee of an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 207(a)(1). Plaintiff has not shown enterprise coverage applies here either.

A defendant qualifies as an enterprise employer under the FLSA when the following two requirements are met: the defendant 1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and 2) has "annual gross volume of sales made or business done is not less than $500,000 . . ." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Initially, "a plaintiff must demonstrate that the employer has annual gross volume of sales or business done of $500,000 or more. The court then determines whether the first prong of the enterprise coverage standard is satisfied." *Aguilar v. LR Coin Laundromat, Inc.*, 2012 U.S. Dist. LEXIS 61393, at *11-12, 2012 WL 1569552, at *4 (D. Md. 2012) (internal quotation marks and citations omitted).

Notably, the FLSA previously included a provision that explicitly stated that an employer was subject to enterprise coverage if its employees "engaged in construction or reconstruction, or both." *See* Fair Labor Standards Amendments of 1966, 89 P.L. 601, 80 Stat. 830, 831-32 (codifying 29 U.S.C. § 203(s)(4)). However, Congress deleted this language when it amended the FLSA in 1989 and codified the current test for enterprise coverage found in 29 U.S.C. § 203(s)(1)(A). *See* Fair Labor Standards Amendments of 1989, 101 P.L. 157, 103 Stat. 938, 938.

8

Thus, "[d]istrict courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *Peters v. Salon Xhilaration*, 2016 U.S. Dist. LEXIS 119356, at *9, 2016 WL 4599943, at *3 (E.D. Va. 2016) (internal citation and quotation marks omitted) (dismissing complaint that did not allege facts tending to show that the defendant was an enterprise engaged in interstate commerce, rendering the FLSA claim deficient on its face). Thus, Plaintiffs cannot simply assert they were involved in construction or reconstruction to trigger enterprise coverage under the FLSA. Plaintiffs do not allege facts tending to show that Defendant is an enterprise engaged in interstate commerce within the meaning of the FLSA.[4]

This Court's dismissal of an FLSA claim in *Ergashov*, which the Fourth Circuit affirmed, is also directly on point concerning FLSA's enterprise coverage. *See Ergashov v. Glob. Dynamic Transp., LLC*, 2015 U.S. Dist. LEXIS 154874, 2015 WL 13229505 (D. Md. 2015), *aff'd*, 680 F. App'x 161 (4th Cir. 2017). In *Ergashov*, plaintiffs alleged that they were employed by the multiple named defendants to deliver donuts from a defendant's facility in Elkridge, Maryland, to Dunkin Donuts retail locations throughout Maryland. *Ergashov*, 2015 U.S. Dist. LEXIS 154874, at *1. This Court held that plaintiffs did not adequately allege enterprise coverage because the complaint was "devoid of any allegation that defendants employed workers 'who handle goods or materials moved or produced in interstate commerce.'" *Id.* at *8. The Court observed that although plaintiffs alleged that they received and delivered products throughout Maryland, "there [was] no

---

[4] Similarly with the second prong, Plaintiffs simply allege that "Infinite Homes [Defendants] earned at least $500,000 in annual gross volume of sales made or business done at all times relevant to this Complaint." Amend. Compl. ¶ 22. Likewise, as to E.S. Homes, Plaintiffs baldly assert: "E.S. Homes earned at least $500,000 in annual gross volume of sales made or business done at all times relevant to this Complaint." *Id.* at ¶ 26. The bare allegation that Infinite Homes Defendants' and E.S. Homes' annual revenue meets the second prong for enterprise coverage is a speculative legal conclusion. As such, this allegation is not entitled to be accepted as true. Because coverage is an element of an FLSA claim, Plaintiffs must allege facts and not mere conclusions of law. *See Peters*, 2016 U.S. Dist. LEXIS 119356, at *9, 2016 WL 4599943, at *3.

9

allegation that these products originated in or subsequently moved in interstate commerce." *Id.* In briefing, plaintiffs admitted that "the products 'would be sold at retail or consumed at the Maryland retail locations,'" thus "precluding the possibility of movement in interstate commerce after delivery." *Id.* at *8-9. On appeal, the Fourth Circuit concluded that the plaintiffs failed to show enterprise coverage for the same reason they have failed to show individual coverage because "delivering to stores that are part of a national franchise is not enough to show that the Appellants were engaged in interstate commerce, as opposed to merely affecting it." *Ergashov*, 680 F. App'x at 163.

Here, the Amended Complaint in this case, similar to the complaints in *Ergashov* and *Peters,* is devoid of any allegation that Infinite Homes Defendants or E.S. Homes employed workers who handle goods or materials that are moved or produced across state lines. Plaintiffs allege in conclusory fashion that Infinite Homes Defendants and E.S. Homes have "been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA." Amend. Compl. ¶¶ 22, 26. That is all. There are no specific allegations to support the inference that Infinite Homes Defendants or E.S. Homes employ workers in interstate commerce. Without any factual support for the notion that Infinite Homes' or E.S. Homes' business activity implicates interstate commerce, the allegation that the Infinite Homes Defendants and E.S. Homes do so is an unsupported legal conclusion couched as a factual allegation that this "Court need not . . . accept." *See Coach*, 881 F. Supp. 2d at 700.

Likewise, the Court is not required to accept as true the "unwarranted inference" or "unreasonable conclusion" that enterprise coverage under the FLSA applies to the Infinite Homes Defendants or E.S. Homes when the assertion is inconsistent with other allegations in the Amended Complaint. *See Eastern Shore*, 213 F.3d at 180. Based on the Plaintiffs' allegations, the only

10

plausible inference is that all employees performed a substantially similar job as the Plaintiffs and so Infinite Homes Defendants' and E.S. Homes' business activities were purely local. *See, e.g.*, Amend. Compl. ¶ 22 (alleging that Infinite Homes Defendants all operate in Baltimore City). According to the Amended Complaint, Infinite Homes Defendants "engage in related activities, repairing and rehabilitating *Baltimore homes*, for the common business purpose of resale in the real estate market." *Id.* (emphasis added), and the other named defendants in this case who worked with Infinite Homes are also based in *Baltimore City or Baltimore County*. *Id.* at ¶¶ 24-27.

In sum, Plaintiffs fail to demonstrate that enterprise coverage applies to the Defendants in this case for the same reason they have failed to show individual coverage: the Amended Complaint does not contain allegations that Defendants, with their business activities of purchasing and remodeling homes in Baltimore, are engaged in interstate commerce. This omission renders Plaintiffs' FLSA claims deficient as a matter of law. *See Ergashov*, 680 F. App'x at 162.

## II. The Court Should Decline Supplement Jurisdiction.

Should this Court dismiss Plaintiffs' FLSA claims, only Plaintiffs' claims related to violations of state law remain. *See* Amend. Compl. ¶¶ 100. The Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because the parties are either citizens of the same state (Maryland) or business entities registered in Maryland with their principal place of business in the same state (Maryland). *See* Amend Compl. ¶¶ 7-27. Accordingly, the Court must decide whether to decline supplemental jurisdiction over the remaining state law claims.

This Court has discretion as to whether to exercise supplemental jurisdiction and may properly decline to exercise this authority when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues

11

of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

Based on these factors, Plaintiffs' remaining state law claims should be presented to a state court instead of a federal court. This action is actually a local dispute between alleged workers and businesses over work in or directly surrounding Baltimore. "The Complaint presents no federal policy issues, and the Court has an extensive docket of cases over which it exercises original jurisdiction." *Rosero v. Johnson*, Civil Action No. GLR-21-588, 2023 U.S. Dist. LEXIS 161793, at *15 (D. Md. Sep. 11, 2023) (declining to exercise supplemental jurisdiction where all federal claims were dismissed); *see also Bellows*, 2016 U.S. Dist. LEXIS 7416, at *15 (same); *Compass Mktg. v. Flywheel Digit., LLC*, Civil Action No. GLR-22-379, 2023 U.S. Dist. LEXIS 31392, at *31 (D. Md. Feb. 24, 2023) (same). Accordingly, after dismissing the FLSA claims in Count I of the Amended Complaint, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

## CONCLUSION

WHEREFORE, in consideration of the foregoing, the Infinite Homes Defendants and E.S. Homes requests that this Court dismiss Count I with prejudice, decline to exercise supplement jurisdiction, and dismiss the Infinite Homes Defendants and E.S. Homes from this case.

Dated: May 28, 2024

Respectfully submitted,

/s/ Abdullah H. Hijazi
Abdullah H. Hijazi (Bar No. 19797)
Martin D. Zhou (Bar No. 20897)
HIJAZI & CARROLL, P.A.
3231 Superior Lane, Suite A-26
Bowie, Maryland 20715
(T): (301) 464-4646
(F): (301) 464-4188
ahijazi@hzc-law.com
mzhou@hzc-law.com
*Counsel for Infinite Homes Defendants*

/s/ Joseph M. Creed
Joseph M. Creed (Bar No. 17134)
Bramnick Creed, LLC
4550 Montgomery Ave., Suite 760N
Bethesda, MD 20814
(301) 945-7800
jcreed@bramnickcreed.com
*Counsel for Defendants*
*E.S. Homes, LLC and Eron Heath*

13