IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE ALFREDO AMAYA, et al., | * | |
| Plaintiffs, | * | Civil Action No. 1:24-cv-00031-SAG |
| v. | * | |
| INFINITE HOMES GROUP 646/500 LLC, et al., | * | |
| | * | |
| Defendants. | | |
| | * | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT

Plaintiffs Jose Alfredo Amaya, Luis Miranda, and Moises Aleman (collectively, "Plaintiffs") brought this action against Defendants Infinite Homes Group 646/500 LLC, Infinite Homes Group 218 LLC, Infinite Homes Group 4108 LLC, Infinite Homes Group 21AC LLC, Infinite Homes Group 8N LLC, Infinite Homes Group 21AA LLC, Infinite Homes Group 21AD LLC, Infinite Homes Group 21AE LLC, Infinite Homes Group 21AHI LLC, Infinite Homes Group 2601 LLC, Infinite Homes Group 3629 LLC (collectively, "Infinite Homes"), along with Defendants Shay Mokai, Eron Heath, E.S. Homes, LLC (together with Infinite Homes, "Settling Defendants") (together with Plaintiffs, "the Settling Parties"). Plaintiffs also named as Defendants Alfredo Sandoval and Greilyn Construction LLC ("Greilyn Construction"). Plaintiffs' Complaint alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501, *et seq.*, the Maryland Workplace Fraud Act ("MWFA"), Md. Code Ann., Lab. & Empl. § 3-901, *et seq*., and Maryland common law. Settling Defendants filed Answers and denied liability. ECF 27-29. Sandoval and Greilyn Construction (together, "Defaulting

Defendants") failed to appear or otherwise defend, and the Clerk entered default against them. ECF 33. The Settling Parties now move for an Order approving the Settlement Agreement (the "Agreement") reached between them.

## I. STANDARD OF REVIEW

Because FLSA claims may not be released without court approval, the Settling Parties' Agreement is subject to the Court's review. *See, e.g.*, *Rivera v. Kantutas Rest., LLC*, No. PWG-17-642, 2018 WL 1992915, at *1 (D. Md. Apr. 27, 2018). "Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014) (internal quotation marks omitted) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982)). Pursuant to *Lynn's Food Stores*, courts consider: "(1) whether there are FLSA issues actually in dispute; (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23; and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Id.* at 408. The role of the Court is not, however, to "make a proponent of a proposed settlement justify each term of a settlement agreement" or "substitute its own judgment for that of counsel." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009). As long as an FLSA settlement is a "fair and reasonable resolution of a *bona fide* dispute," it merits approval. *Duprey*, 30 F. Supp. 3d at 408.

## II. ANALYSIS

The Settling Parties' Agreement, attached hereto as Exhibit 1, reflects a reasonable compromise of FLSA issues that were actually in dispute. The Agreement was reached in an adversarial context in which the Settling Parties were represented by experienced counsel, and it

reasonably compensates Plaintiffs considering the risks of litigation.  The Settling Parties have agreed to separately submit to the Court the question of attorneys' fees.  The totality of the Agreement is fair and reasonable.

### A. The settlement reflects a compromise over issues actually in dispute.

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F. Supp. 3d at 408.  A *bona fide* dispute as to the plaintiffs' rate of pay and hours worked suffices to establish this requirement. *Id*.  Here, the pleadings reveal significant factual and legal disputes between the Parties, including whether Defendants employed Plaintiffs, whether Defendants were completely disassociated from each other with respect to Plaintiffs' work such that they constituted joint employers, whether Defendants paid Plaintiffs an overtime premium for weekly hours over 40, whether Defendants misclassified Plaintiffs as independent contractors, whether Defendants otherwise deprived Plaintiffs of earned wages, and whether Defendants Mokai and Heath would be individually liable for any unpaid wages due to their alleged ownership and  control over corporate defendants.  *See* EFC 6 (Amended Compl.) ¶¶ 23, 33, 46, 49, 56, 62, 64, 65; ECF 27 (Answer of Eron Heath); ECF 28 (Answer of E.S. Homes, LLC); ECF 29 (Answer of Infinite Homes Defendants).  The Settling Parties also disputed whether Plaintiffs' work was covered by the FLSA; before the stay was entered in this case, ECF 50, Settling Defendants moved for judgment on the pleadings based on their contention that Plaintiffs failed sufficiently to allege FLSA coverage, ECF 47.

The language of the Agreement further demonstrates the *bona fide* nature of this FLSA dispute.  Plaintiffs maintain that their claims are meritorious, while Settling Defendants continue

3

to deny all liability. *See* Ex. 1, Agreement at 2-3. The Settling Parties are settling Plaintiffs' claims to avoid the time, expense, and uncertainty of continuing litigation, not because they now agree on any significant questions of liability or damages. *Id.*; *see also Lomascolo*, 2009 WL 3094955, at *17 (finding a *bona fide* dispute where "in the Settlement Agreement Defendants specifically deny the allegations in the Lawsuit, including all claims of liability and damages" and "Plaintiffs and the Defendants claim that their desire to enter into this Settlement Agreement flows from their desire to avoid the uncertainty, inconvenience and cost of litigation"). Therefore, the Agreement reflects a compromise of FLSA issues actually in dispute.

### B. The settlement reflects a fair and reasonable compromise.

In determining the fairness and reasonableness of an FLSA settlement, courts analyze several factors derived from Federal Rule of Civil Procedure 23:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Duprey*, 30 F. Supp. 3d at 409 (internal punctuation omitted). Application of these factors weighs in favor of the Court's approval of the Agreement.

#### i. *Extent of Discovery Conducted*

The purpose of this factor is to determine whether "the Parties had adequate time to conduct sufficient discovery to fairly evaluate the liability and financial aspects of the case." *Lomascolo*, 2009 WL 3094955, at *11 (internal punctuation omitted). Parties need not engage in formal discovery to satisfy this factor. *See Fernandez v. Washington Hosp. Servs.*, LLC, No. 8:23-CV-839-AAQ, 2023 WL 4627422, at *3 (D. Md. July 19, 2023) (finding a settlement was fair when the parties' exchange of informal discovery allowed them to "assess[] the strength of

4

each other's respective positions" and "decide[] that settlement was in their respective best interests") (internal punctuation omitted); *Duprey*, 30 F. Supp. 3d at 409 ("By avoiding formal discovery, resources that otherwise would have been consumed by the litigation were made available for settlement, and the risk and uncertainties for both parties were reduced.")

Here, the Settling Parties exchanged informal discovery prior to the settlement conference, exchanging text message communications and pay records. *See* Ex. 2, Declaration of David Rodwin (hereinafter "Rodwin Decl.") ¶ 5. Plaintiffs' counsel reviewed the documents that certain Settling Defendants produced and used them to inform Plaintiffs' damages estimate, which was also based on Plaintiffs' own records and memories of hours worked and pay received. *Id*. The total proposed settlement, exclusive of attorneys' fees, would represent more than 1.4 times the full amount of unpaid wages Plaintiffs believe they are owed. *Id*. ¶ 5. The Settling Parties have thus had adequate opportunity to engage in discovery on matters of both liability and damages.

        ii.  *Stage of the Proceedings*

This second inquiry analyzes whether the "proceedings advanced to a stage sufficient to permit the Parties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *See Lomascolo*, 2009 WL 3094955, at *11. Given the informal discovery exchanged and limitations posed by Defaulting Defendants' lack of participation, the Settling Parties have done what they reasonably can do to review the available evidence, evaluate their claims and defenses, and engage in informed arm's-length settlement negotiations.

Given the circumstances—including Settling Defendants' pending motion for judgment on the pleadings and a possible trial necessary to resolve a broad range of material and disputed issues concerning both liability and damages—Plaintiffs determined that a settlement including more than 1.4 times the maximum amount of potentially recoverable unpaid wages was desirable. The Settling Parties have determined that proceeding through trial and possible appeals would be unduly costly and time-consuming. Ex. 1, Agreement at 2-3. The Settling Parties wish to resolve this dispute to avoid additional expense and uncertainty.

        iii.  *Absence of Fraud or Collusion in the Settlement*

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12. This presumption is appropriate in this case as no such evidence exists here. The Agreement was procured by arm's-length negotiations in which all Settling Parties were represented by counsel. Plaintiffs were present at the settlement conference to hear the components and bases of offers and counteroffers. Plaintiffs' counsel advised Plaintiffs on the risks of litigation given the record that had been developed. Plaintiffs' counsel took direction from the Plaintiffs as to how to proceed at each stage, and all Plaintiffs consented to and signed the Agreement. Ex. 2, Rodwin Decl. ¶ 6; *see Saman*, 2013 WL 2949047, at *5 (finding that Plaintiffs' counsel's averment that "he provided his client with a copy of the Agreement, explained its provisions in lay terms, and recommended that she accept the Agreement, which she did, without objection," lent further support to its reasonableness).

        iv.  *Experience of Plaintiffs' Counsel*

Plaintiffs' counsel is competent and experienced in handling federal court litigation in general and FLSA litigation in particular. Mr. Rodwin has considerable "prior involvement in

federal litigation in this district," including FLSA litigation. *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *5 (D. Md. June 13, 2013); *see* Ex. 2, Rodwin Decl. ¶ 4. Plaintiffs' counsel used this experience to frame the legal theories underlying the Complaint, draft the pleadings, manage informal discovery, and finally to negotiate a resolution of this matter.

> v.  *Opinion of Counsel, Probability of Success on the Merits, and the Amount of the Settlement in Relation to the Potential Recovery*

By Plaintiffs' counsel's estimation, the total proposed settlement amount, all of which will go to Plaintiffs because the settlement provides for separate resolution of attorneys' fees, represents more than 1.4 times the amount of unpaid wages owed. *See* Ex. 2, Rodwin Decl. ¶ 6. The settlement thus compensates Plaintiffs for the entirety of their estimate of their unpaid wages and awards an additional sum as damages.

The risks of continued litigation are sufficiently significant and weigh in favor of early resolution and payment of the amounts of unpaid wages owed and additional damages potentially available under the FLSA, MWHL, MWPCL, and MWFA. First, a factfinder may or may not agree with Plaintiffs as to their alleged hours worked, pay rates promised, and pay received. Second, it is uncertain whether any of the individual Defendants would be held personally liable for any judgments as Plaintiffs' individual employer/s. Third, Plaintiffs have no guarantee that a factfinder would have agreed that all the Defendants were Plaintiffs' joint employers. Fourth, it is uncertain whether the Defaulting Defendants would have participated in the case, and, if not, what the effect of their default would have been on the overall proceeding. Finally, it is uncertain whether Plaintiffs would have received enhanced statutory damages.

Proceeding to trial on these issues would be contentious and costly, with no guarantee of either Plaintiffs' or Defendants' success. *Id.* For these reasons, the settlement represents a reasonable resolution for the Settling Parties. *See Duprey*, 30 F. Supp. 3d at 409–10 (approving

FLSA settlement that awarded Plaintiff 78% of his alleged unpaid wages, and no liquidated damages). In light of all these benefits and risks, Plaintiffs' counsel recommended the settlement to Plaintiffs and believes it to be a fair one. Ex. 2, Rodwin Decl. ¶ 6.

## III. CONCLUSION

For the foregoing reasons, the Settling Parties respectfully request that the Court grant this Joint Motion and approve the Agreement.

Dated: July 22, 2024                                    Respectfully submitted,

/s/
Amy Gellatly (Fed. Bar No. 31177)
David Rodwin (Fed. Bar No. 18615)
The Public Justice Center
201 North Charles Street, Suite 1200
Baltimore, MD 21201
Tel: (410) 625-9409
Fax: (410) 625-9423
gellatlya@publicjustice.org
rodwind@publicjustice.org
*Counsel for Plaintiffs*


/s/ (w/ permission by D. Rodwin)
Joseph M. Creed (Fed. Bar No. 17134)
Bramnick Creed, LLC
4550 Montgomery Ave., Suite 760N
Bethesda, MD 20814
Tel: (301) 945-7800
jcreed@bramnickcreed.com
*Counsel for Defendants Eron Heath and E.S. Homes, LLC*


/s/ (w/ permission by D. Rodwin)
Abdullah H. Hijazi (Fed. Bar No. 19797)
Douglas Jackson-Quzack (Fed. Bar No. 20223)
Hijazi & Carroll, P.A.
3231 Superior Lane, Suite A-26
Bowie, MD 20715

8

Tel: (301) 464-4646
Fax: (301) 464-4188
ahijazi@hzc-law.com
dquzack@hzc-law.com
*Counsel for Defendants Shay Mokai and Infinite Homes*