# Exhibit 1:

# Settlement Agreement

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOSE ALFREDO AMAYA, et al.,         \*

      Plaintiffs,            \*        Civil Action No. 24-0031-SAG

      v.                   \*

INFINITE HOMES GROUP 646/500 LLC, et al.,  \*

      Defendants.          \*

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among Plaintiffs Jose Alfredo Amaya, Luis Miranda, and Moises Aleman (collectively, "Plaintiffs") and Infinite Homes Groups Defendants,[1] Shay Mokai, Eron Heath, and E.S. Homes, LLC (collectively, "Settling Defendants") (together with Plaintiffs, "the Parties"), and is subject to the terms and conditions set forth herein.

WHEREAS, a lawsuit brought by Plaintiffs has been pending against the Settling Defendants, Alfredo Sandoval, and Greilyn Construction LLC in the United States District Court for the District of Maryland (the "Court"), filed January 5, 2024, and captioned *Jose Alfredo Amaya, et al. v. Infinite Homes Group 646/500 LLC, et al.*, No. SAG-24-0031, alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), the Maryland Wage Payment and Collection Law ("MWPCL"), the Maryland Workplace Fraud Act ("MWFA"), and Maryland common law (the "Lawsuit");

---

[1] The Infinite Homes Groups Defendants refers to the following eleven named Defendants in this matter: 1) Infinite Homes Group 646/500 LLC, 2) Infinite Homes Group 218 LLC, 3) Infinite Homes Group 4108 LLC, 4) Infinite Homes Group 21AC LLC, 5) Infinite Homes Group 8N LLC, 6) Infinite Homes Group 21AA LLC, 7) Infinite Homes Group 21AD LLC, 8) Infinite Homes Group 21AE LLC, 9) Infinite Homes Group 21AHI LL, 10) Infinite Homes Group 2601 LLC, and 11) Infinite Homes Group 3629 LLC.

WHEREAS, the Lawsuit seeks unpaid wages and damages for Plaintiffs allegedly resulting from violations of their rights under federal and state law, damages resulting from alleged violations of Maryland common law, and reasonable attorneys' fees and costs, and Plaintiffs have made claims for such;

WHEREAS, the Settling Defendants deny liability for the claims alleged in the Lawsuit;

WHEREAS, the Parties desire to resolve the Lawsuit, without admission of liability by any of the Settling Defendants, to avoid the expense and inconvenience of further litigation;

WHEREAS, Plaintiffs and the Settling Defendants, as well as their counsel, believe that the interests of all concerned are served by compromise, settlement, and dismissal of Plaintiffs' claims against the Settling Defendants from the Lawsuit and have concluded that the terms of this Agreement are fair, reasonable, adequate and in the Parties' mutual best interests; and

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to a full and complete settlement of Plaintiffs' claims against the Settling Defendants on the following terms and conditions:

**Section 1.**      **Compromise Acknowledgement**

1.1.    Plaintiffs acknowledge that this Agreement is entered into solely on the basis of a compromise of Plaintiffs' disputed claims and this Agreement is not, and is not to be construed as, an admission by the Settling Defendants of any liability on the disputed claims alleged in the Lawsuit, nor is it, nor shall it be construed as, an admission of any act or fact, including any violation of federal, state, local or common law, statute, ordinance, directive, regulation, or order.

1.2.     Plaintiffs believe that the claims alleged in the Lawsuit have merit, but also recognize the

expense and length of continued litigation through trial and possible appeals.  Plaintiffs have also

taken into account the uncertain outcome and the risk of continuing litigation, as well as the

difficulties and delays inherent in such litigation, the possibility of protracted appellate review of

disputed issues, and the risk that any judgment may not be collectable.  Relying on their factual

investigations and legal analyses, the Parties have engaged in significant arm's length settlement

negotiations.  Plaintiffs believe that this Agreement confers upon them substantial benefits and

that the settlement is fair, reasonable, adequate, in accordance with the law, and in the best

interests of all Plaintiffs.

1.3.     The Settling Defendants contest Plaintiffs' claims, but believe that further litigation

would likely be protracted, expensive, and contrary to their best interests.  Substantial amounts

of time, energy, and other resources have been and, absent settlement, will continue to be

committed to defending the Lawsuit.  Accordingly, the Settling Defendants believe that

settlement is the best way to resolve the disputes among the Parties even as they deny liability.

**<u>Section 2</u>.        <u>Settlement Payments and Other Consideration</u>**

2.1.     In consideration for the mutual promises contained in this Agreement, and subject to the

Court's approval, the Settling Defendants jointly and severally agree to pay (i) Plaintiffs, through

their counsel, a total sum of $18,000.00 and (ii) Plaintiffs' reasonable attorneys' fees and costs

incurred in the prosecution of Plaintiffs' claims in the Lawsuit, in an amount to be determined by

United States Magistrate Judge Mark Coulson of the U.S. District Court for the District of

Maryland pursuant to Section 2.6, below.

2.2.     All payments issued pursuant to Section 2 shall be in the form of certified, bank, or

cashier's checks, fully negotiable without delay, and shall be delivered to David Rodwin, the

Public Justice Center, 201 North Charles Street, Suite 1200, Baltimore, MD 21201 in the manner

set forth below on or before the dates set forth below.  As to each and every payment, time is of the essence.

2.3.    The timeline and allocation of payment shall be as follows:

A.  Within fifteen (15) days of the Court's approval of this Agreement, Shay Mokai and the Infinite Homes Group Defendants, on behalf of the Settling Defendants, shall issue and cause to be delivered to Plaintiffs pursuant to Section 2.2 checks, fully negotiable without delay, in the following amounts:

     i.   For Plaintiff Amaya, a check in the amount of $4,515.57.

     ii.  For Plaintiff Miranda, a check in the amount of $1,187.34.

     iii.  For Plaintiff Aleman, a check in the amount of $1,297.09.

B.  Within seventy-five (75) days of the Court's approval of this Agreement, Shay Mokai and the Infinite Homes Group Defendants, on behalf of the Settling Defendants, shall issue and cause to be delivered to Plaintiffs pursuant to Section 2.2 checks, fully negotiable without delay, in the following amounts:

     i.   For Plaintiff Amaya, a check in the amount of $2,365.30.

     ii.  For Plaintiff Miranda, a check in the amount of $621.94.

     iii.  For Plaintiff Aleman, a check in the amount of $679.43.

C.  Within one hundred and thirty-five (135) days of the Court's approval of this Agreement, Shay Mokai and the Infinite Homes Group Defendants, on behalf of the Settling Defendants, shall issue and cause to be delivered to Plaintiffs pursuant to Section 2.2 checks, fully negotiable without delay, in the following amounts and manner:

     i.   For Plaintiff Amaya, a check in the amount of $2,365.30.

     ii.  For Plaintiff Miranda, a check in the amount of $621.94.

   iii. For Plaintiff Aleman, a check in the amount of $679.43.

D. Within one hundred and ninety-five (195) days of the Court's approval of this Agreement, Shay Mokai and the Infinite Homes Group Defendants, on behalf of the Settling Defendants, shall issue and cause to be delivered to Plaintiffs pursuant to Section 2.2 checks, fully negotiable without delay, in the following amounts:

   i. For Plaintiff Amaya, a check in the amount of $2,365.30.

   ii. For Plaintiff Miranda, a check in the amount of $621.94.

   iii. For Plaintiff Aleman, a check in the amount of $679.43.

2.4. If the Settling Defendants fail to make any payment in full on or before the date that the payment is due pursuant to Section 2.3 or within a grace period of five business days thereafter, the Settling Defendants shall be deemed to be in material default.  In the event of default, all unpaid settlement payments shall become immediately due and payable, each Settling Defendant shall be jointly and severally liable for the full remaining unpaid balance, plus a penalty interest rate of 10%, compounded daily from the date of default, and Plaintiffs shall be entitled to confessed judgments against each Settling Defendant in the total of all amounts that remain unpaid pursuant to Section 6.

2.5. Upon full payment of all amounts due under Section 2.3 of this Agreement, Shay Mokai and the Infinite Homes Group Defendants, on behalf of the Settling Defendants, shall issue and cause to be delivered to Plaintiffs' counsel, with respect to each Plaintiff, an IRS Form 1099-MISC, with the amount of payment reported in "box 3" [Other Income], for the payments to that Plaintiff pursuant to Section 2.3.

2.6. Plaintiffs' claim for attorneys' fees and costs shall be submitted to Judge Coulson for a final and binding determination pursuant to the following:

A.  Within twenty-one (21) days of the Court's approval of this Agreement, Plaintiffs may file a Motion for Attorneys' Fees and Costs incurred in representing Plaintiffs in the Lawsuit.  The Settling Defendants may oppose that Motion within thirty (30) days of its filing, and Plaintiffs may file a Reply within fifteen (15) days of any opposition.  Based on these submissions, Judge Coulson will decide the appropriate amount of fees and costs to be awarded ("Fee Determination") and the date by which such payment must be made.  For purposes of this paragraph of the Agreement and the Fee Determination, Plaintiffs are deemed to be the prevailing parties under the attorneys' fee provisions of the FLSA.

B.  In the event that Judge Coulson enters a Fee Determination pursuant to this section, the Settling Defendants shall pay the amount ordered within the time ordered.  If the Settling Defendants fail to make payment in full on or before the date that the payment is due, or within a grace period of five business days thereafter, the Settling Defendants shall be deemed to be in material default.  In the event of default, any unpaid amount shall become immediately due and payable, each Settling Defendant shall be jointly and severally liable for the full remaining unpaid balance, plus a penalty interest rate of 10%, compounded daily from the date of default, and the Public Justice Center shall be entitled to confessed judgments against each Settling Defendant in the amount that remains unpaid pursuant to Section 6.

C.  Payment for Plaintiffs' attorneys' fees and costs shall be made payable to the Public Justice Center and otherwise subject to paragraph 2.2 of this Agreement.  Within fifteen (15) days of the issuance of any such payment, the Settling Defendants shall issue directly to the Public Justice Center an IRS Form 1099-MISC, with the amount of

payment reported in "box 3" [Other Income], for the payment made in accordance with Section 2.6 of this Agreement.

**Section 3.        Court Approval, Jurisdiction, Dismissal**

3.1.    The Parties agree to seek the Court's approval of this Agreement.  Within five (5) business days from the Effective Date of this Agreement, as defined in Section 7, the Parties shall file with the Court a Joint Motion for Approval of FLSA Settlement Agreement and Proposed Order, providing for dismissal with prejudice of Plaintiffs' claims against the Settling Defendants upon notice of consummation pursuant to Section 3.4.  The Parties agree on the contents of the Proposed Order, which is attached as Exhibit 1.

3.2.    If the Court does not approve the Agreement, the Agreement shall become null and void with no effect on the Lawsuit.  The Parties shall thereafter bear their own costs and fees with regard to further efforts to obtain Court approval.

3.3.    In seeking approval of this Agreement, the Parties shall jointly ask the Court to retain continuing jurisdiction to enforce the Agreement's terms and resolve any disputes arising out of the Agreement until all payments are made under Section 2.

3.4.    Following full payment of all amounts due under this Agreement, including any attorneys' fees and costs awarded pursuant to the Fee Determination, the Parties shall notify the Court and shall file a joint motion seeking dismissal with prejudice of Plaintiffs' claims against the Settling Defendants in the Lawsuit.

**Section 4.        Releases**

4.1.    Upon Court approval of this Agreement, and in consideration of the promises and covenants set forth herein, Plaintiffs shall release, forgive, and forever discharge the Settling Defendants, their successors, assigns, agents, representatives, attorneys, and employees, of and

7

from any and all claims, demands, actions, causes of action, suits, damages, losses, liquidated damages, penalties, attorneys' fees, costs, and expenses, as a result of actions or omissions occurring through the Effective Date of this Agreement, as defined in Section 7.

4.2.   Upon Court approval of this Agreement, and in consideration of the promises and covenants set forth herein, the Settling Defendants shall release, forgive, and forever discharge Plaintiffs as well as their successors, assigns, agents, representatives, attorneys, and employees, of and from any and all claims, demands, actions, causes of action, suits, damages, losses, liquidated damages, penalties, attorneys' fees, costs, and expenses, as a result of actions or omissions occurring through the Effective Date of this Agreement, as defined in Section 7.

**Section 5.**     **Hold Harmless Clause**

5.1    In the event that Defendants Alfredo Sandoval and/or Greilyn Construction LLC may seek to hold responsible any of the Settling Defendants for any additional liability or attorneys' fees and costs in connection with this Lawsuit, the Settling Defendants shall be held harmless and shall not be deemed responsible to Defendants Alfredo Sandoval and/or Greilyn Construction LLC for any such additional liability or attorneys' fees and costs.

**Section 6.**     **Breach of Agreement and Confessed Judgment**

6.1.   This Agreement shall be interpreted, applied, and enforced in accordance with and shall be governed by the laws of the State of Maryland without regard to principles of conflicts of laws.  Further, any legal proceedings by any party with respect to this Agreement or any right or obligation hereunder shall only be brought in a court of proper jurisdiction in Maryland, and/or in the United States District Court for the District of Maryland, and consent is hereby given by all Parties to the jurisdiction and venue of the United States District Court for the District of Maryland and the Circuit Court for Baltimore City, Maryland.

6.2.    The prevailing party in any action to enforce this Agreement shall be entitled to the recovery of reasonable attorneys' fees and costs.

6.3    In the event of a failure to issue and deliver any payment as required by Section 2, the provisions set forth in Sections 4 and 5 shall not apply.

6.4    In the event of a failure to issue and deliver any payment as required by Section 2 and in addition to any other remedies Plaintiffs may possess, the Settling Defendants knowingly, voluntarily and intentionally authorize any attorney designated by the Plaintiffs or any clerk of any court of record to appear for the Settling Defendants in any court of record and waive the issuance and service of process and confess judgment, without prior hearing, in favor of Plaintiffs and against the Settling Defendants jointly and severally for the total of all amounts remaining due and owing, accrued interest, accrued charges, and reasonable attorney fees and court costs, and to release all errors and waive all right of appeal.  It is the express intent of the Parties that even after one or more confessed judgments are entered pursuant to this Agreement that Plaintiffs shall retain the right to collect and confess judgment for: attorneys' fees, expenses, and costs actually incurred in connection with the collection of the unpaid amount; attorneys' fees, expenses, and costs actually incurred to defend Plaintiffs from any claims arising in connection with this Agreement or any related documents; and interest (collectively, "Post Judgment Costs").  It is also the express intent of the Parties hereto that Plaintiffs' ability and right to collect from and confess judgment against the Settling Defendants for all amounts due hereunder, including, without limitation, Post Judgment Costs, shall not merge into any judgment or judgments entered in favor of Plaintiffs, but shall survive the entry of any judgment or judgments in Plaintiffs' favor.  Further, it is the express intent of the Parties that Plaintiffs' ability and right to collect from and confess judgment against the Settling Defendants shall

9

continue undiminished until Plaintiffs have received payment in full of all amounts due hereunder, including, without limitation, all Post Judgment Costs.

**Section 7.**     **Other Provisions**

7.1.    <u>Effective Date</u>.  This Agreement shall become effective on the date last executed by any Party hereto as indicated below.

7.2.    <u>Warranty of Authority</u>.  Each counsel or other person executing this Agreement or any of its attachments on behalf of any corporate party hereto warrants that such person has the authority to do so.  Any person executing this Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all the Parties hereto that such person is duly authorized by such corporation, limited liability company, or other association to execute this Agreement or any such related documents.

7.3.    <u>Headings Not Dispositive.</u>  The captions or headings of the paragraphs in this Agreement are inserted for the convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

7.4.    <u>Construction</u>.  No rule of construction shall apply against any party or in favor of any party.  This Agreement shall be construed in light of the fact that the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party or in favor of the other.

7.5.    <u>Ownership of Claims</u>.  The provisions of this Agreement shall inure to the benefit and/or obligation of the Parties, their successors and assigns, and shall be binding upon the Parties and their heirs, executors, administrators, successors, and assigns.  The Parties warrant that they are the sole owners of the claims or causes of action being released herein and have not conveyed or assigned any interest in any such claims or causes of action to any person or entity not a party hereto.

10

7.6.    <u>Counterparts</u>.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.  Any signature made and/or transmitted by facsimile or electronic mail for the purpose of executing this Agreement shall be deemed to be an original signature for purposes of this Agreement and shall be binding upon the signing party.

7.7.    <u>Entire Understanding</u>.  This Agreement constitutes the entire understanding and agreement between the Parties and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.


        The remainer of this page is intentionally left blank.

Plaintiffs and the Settling Defendants knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**JOSE ALFREDO AMAYA**

_____
Signature

7/15/2024
_____
Date

**INFINITE HOMES GROUP 646/500 LLC**

By _____

Title _____

Date _____

**LUIS MIRANDA**

_____
Signature

7/15/2024
_____
Date

**INFINITE HOMES GROUP 218 LLC**

By _____

Title _____

Date _____

**MOISES ALEMAN**

_____
Signature

7/15/2024
_____
Date

**INFINITE HOMES GROUP 4108 LLC**

By _____

Title _____

Date _____

**PUBLIC JUSTICE CENTER**

By: _____ David Rodwin

Title: _Attorney_____

Date: _July 15, 2024_____

**INFINITE HOMES GROUP 21AC LLC**

By _____

Title _____

Date _____

Plaintiffs and the Settling Defendants knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**JOSE ALFREDO AMAYA**

_____
Signature

_____
Date

**INFINITE HOMES GROUP 646/500 LLC**

By _Shay Mokai_____

Title _Owner_____

Date _July 14, 2024_____

**LUIS MIRANDA**

_____
Signature

_____
Date

**INFINITE HOMES GROUP 218 LLC**

By _Shay Mokai_____

Title _Owner_____

Date _July 14, 2024_____

**MOISES ALEMAN**

_____
Signature

_____
Date

**INFINITE HOMES GROUP 4108 LLC**

By _Shay Mokai_____

Title _Owner_____

Date _July 14, 2024_____

**PUBLIC JUSTICE CENTER**

By: _____

Title: _____

Date: _____

**INFINITE HOMES GROUP 21AC LLC**

By _Shay Mokai_____

Title _Owner_____

Date _July 14, 2024_____

**INFINITE HOMES GROUP 8N LLC**

By _Shay Mokai_

Title _Owner_

Date _July 14, 2024_

**INFINITE HOMES GROUP 21AA LLC**

By _Shay Mokai_

Title _Owner_

Date _July 14, 2024_

**INFINITE HOMES GROUP 21AD LLC**

By _Shay Mokai_

Title _Owner_

Date _July 14, 2024_

**INFINITE HOMES GROUP 21AE LLC**

By _Shay Mokai_

Title _Owner_

Date _July 14, 2024_

**INFINITE HOMES GROUP 21AHI LLC**

By _Shay Mokai_

Title _Owner_

Date _July 14, 2024_

**INFINITE HOMES GROUP 2601 LLC**

By _Shay Mokai_

Title _Owner_

Date _July 14, 2024_

**INFINITE HOMES GROUP 3629 LLC**

By _Shay Mokai_

Title _Owner_

Date _July 14, 2024_

**E.S. HOMES, LLC**

By _Shay Mokai_

Title _Owner_

Date _July 14, 2024_

**SHAY MOKAI**

_Shay Mokai_
Shay Mokai (Jul 14, 2024 00:36 EDT)

Signature

_July 14, 2024_

Date

**ERON HEATH**

Signature

Date

13

Date: _____          Date _____

**INFINITE HOMES GROUP 8N LLC**          **INFINITE HOMES GROUP 21AA LLC**

By _____          By _____

Title _____          Title _____

Date _____          Date _____

**INFINITE HOMES GROUP 21AD LLC**          **INFINITE HOMES GROUP 21AE LLC**

By _____          By _____

Title _____          Title _____

Date _____          Date _____

**INFINITE HOMES GROUP 21AHI LLC**          **INFINITE HOMES GROUP 2601 LLC**

By _____          By _____

Title _____          Title _____

Date _____          Date _____

**INFINITE HOMES GROUP 3629 LLC**          **E.S. HOMES, LLC**

By _____          By _Eron Heath_

Title _____          Title _CEO_

Date _____          Date _7-19-24_

**SHAY MOKAI**          **ERON HEATH**

Signature          Signature _[signature]_

Date          Date _7-19-24_

11

Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOSE ALFREDO AMAYA, et al., | * | |
| Plaintiffs, | * | Civil Action No. 24-0031-SAG |
| v. | * | |
| INFINITE HOMES GROUP 646/500 LLC, et al., | * | |
| Defendants. | * | |

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

## <u>ORDER</u>

After reviewing the Joint Motion to Approve Settlement (ECF No. \_\_\_\_) filed by Plaintiffs Jose Alfredo Amaya, Luis Miranda, and Moises Aleman (collectively, "Plaintiffs") and Defendants Infinite Homes Group 646/500 LLC, Infinite Homes Group 218 LLC, Infinite Homes Group 4108 LLC, Infinite Homes Group 21AC LLC, Infinite Homes Group 8N LLC, Infinite Homes Group 21AA LLC, Infinite Homes Group 21AD LLC, Infinite Homes Group 21AE LLC, Infinite Homes Group 21AHI LLC, Infinite Homes Group 2601 LLC, Infinite Homes Group 3629 LLC, Shay Mokai, Eron Heath, and E.S. Homes, LLC (collectively, "Settling Defendants") (together with Plaintiffs, "the Parties"), it is my determination that the Parties' settlement agreement ("the Agreement") was the product of arm's-length bargaining, the Parties were adequately represented, and the Agreement represents a fair and just resolution of Plaintiffs' claims against the Settling Defendants.  Accordingly, it is this \_\_\_\_\_ day of _____, 2024, hereby ORDERED that:

1.  The Motion (ECF No. \_\_\_\_) is GRANTED and the Court approves the terms of the Agreement;

2. Plaintiffs may file a motion for attorneys' fees and costs pursuant to Section 2.6 of the Agreement, which shall be submitted to United States Magistrate Judge Mark Coulson for a final and binding determination;

3. The Court shall retain continuing jurisdiction to enforce the Agreement's terms and resolve any disputes arising out of the Agreement until all payments are made under Section 2 of the Agreement; and

4. Following full payment of all amounts due under the Agreement, including any attorneys' fees and costs pursuant to Section 2.6 of the Agreement, the Parties shall notify the Court and shall file a joint motion seeking dismissal with prejudice of Plaintiffs' claims against the Settling Defendants in the above-captioned lawsuit.


_____
Stephanie A. Gallagher
United States District Judge

2