# Exhibit 2:

# Rodwin Declaration

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JOSE ALFREDO AMAYA, et al.,      *

     Plaintiffs,             *     Civil Action No. 1:24-cv-00031-SAG

     v.                   *

INFINITE HOMES GROUP 646/500   *
LLC, et al.,
                           *

     Defendants.

                           *

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

## <u>DECLARATION OF DAVID RODWIN</u>

1.      The testimony set forth in this Declaration is based on first-hand knowledge, about which I could and would testify competently in open Court if called upon to do so, and on records contemporaneously generated and kept by the Public Justice Center ("PJC") in the ordinary course of its law practice.  This Declaration is submitted in support of the Settling Parties' Joint Motion to Approve Settlement.

2.      I am the Lead Attorney of the Workplace Justice Project at the PJC, where I have practiced since 2015.  I am admitted to practice law in Maryland (since 2014) and California (since 2012, though I currently maintain "inactive" status in that state).  I am admitted to practice before the U.S. District Court for the District of Maryland and the U.S. Court of Appeals for the Fourth Circuit.

3.      I graduated *summa cum laude* from the University of California, Irvine School of Law in 2012.  Before joining the PJC, I served as a judicial law clerk for judges on the U.S. District Court for the District of Maryland and the Fourth Circuit Court of Appeals.  I have served as a member of the Labor and Employment Law Section Council of the Maryland State Bar Association ("MSBA") since 2022.  In both 2022 and 2024, the Section Council selected me

to provide the wage-and-hour update lecture for the MSBA's Employment Law Institute.  I have also provided various other lectures to groups of attorneys on wage-and-hour law in Maryland, both under the Fair Labor Standards Act ("FLSA") and state law.

4.      Much of my practice involves representing low-wage workers in FLSA cases in federal court.  *See, e.g., Salim v. Mysha Management 4 Inc*., Civil Action No. SAG-23-0217, ECF 37 (D. Md. Sept. 11, 2023) (approving FLSA settlement agreement); *McCoy v. Transdev Services, Inc.*, Civil Action No. DKC-19-2137, ECF 225 (D. Md. Oct. 7, 2022) (same); *Holden v. Bwell Healthcare, Inc.*, Civil Action No. BPG-19-760, ECF 116 (D. Md. July 20, 2022) (same); *Aytch v. Trulife Health Servs., LLC*, No. CV ELH-17-2769, ECF 64 (D. Md. Dec. 3, 2018) (same).  In these cases, as in the above-captioned case, the plaintiffs' claims center on allegations that they were misclassified as independent contractors.  I have also written a law review article about the misclassification of home care workers as independent contractors.  *See* David J. Rodwin, *Independent Contractor Misclassification is Making Everything Worse: The Experience of Home Care Workers in Maryland*, 14 St. Louis U. J. Health L. & Pol'y (2020).

5.      In advance of the settlement agreement, the Settling Parties agreed to an informal exchange of records.  Plaintiffs produced text message communications and pay records that the Settling Defendants reviewed, and certain of the Settling Defendants produced pay records that Plaintiffs reviewed.  Based on all available records and the Plaintiffs' recollections, I worked with my PJC colleagues to calculate a detailed and precise estimate of Plaintiffs' unpaid wages.

6.      In negotiating the proposed settlement agreement, my PJC colleagues and I communicated extensively with Plaintiffs, advised them on the components and bases of offers and counteroffers, advised them on the risks of litigation given the record likely to be developed, and took direction from them on how to proceed.  Before agreeing to the proposed settlement,

my PJC colleagues and I discussed the material terms with each Plaintiff in plain language.  I recommended that they accept the proposed settlement, which by my estimation—based on all documents available to me and the best recollections of each Plaintiff—compensates Plaintiffs at more than 1.4 times the total amount of their unpaid wages.  I believe this sum represents an excellent result, particularly given that it is coming so early in the litigation.  Each of the Plaintiffs consented to all terms in the proposed settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Date:   July 22, 2024

David Rodwin