# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOSE ALFREDO AMAYA,** *et al.* | |
| *Plaintiffs*, | |
| v. | **Case No.: 0:00-cv-00000** |
| **INFINITE HOMES GROUP 646/500 LLC,** *et al.* | |
| *Defendants*. | |

## OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

**TABLE OF CONTENTS**

Introduction and Background ........................................................................................... 2

Legal Standards ................................................................................................................ 3

Argument .......................................................................................................................... 4

   A.  Case Development, Pleadings, and Discovery ..................................................... 5

      1.  *Plaintiffs' Counsel Cannot Recover Fees for Clerical Work*........................... 5

      2.  *Plaintiffs' Counsel Cannot Recover Fees for Entries with Vague Descriptions* ............ 6

   B.  Motions Practice .................................................................................................... 7

      1.  *Entry for Work toward Default Party Should be Excluded* ........................... 7

      2.  *Plaintiffs' Counsel Is Not Entitled To Fees For Failed Attempts to Obtain Conditional Certification.* ................................................................................ 7

      3.  *The Court should Exercise Its Discretion and Reduce the Fee Award by at Least Twenty-Five Percent, Given the Lack of Complexity and Early Resolution of the Litigation* 9

   C.  Alternative Dispute Resolution ("ADR") ........................................................... 13

      1.  ADR Entries Include Clerical Work............................................................. 13

   D.  Fee Petition ......................................................................................................... 14

      1.  *The Time Spent on the Fee Petition is Excessive* ....................................... 14

   E.  Requested Costs .................................................................................................. 15

      1.  *There is No Supporting Evidence for the Requested Costs*........................ 15

Conclusion....................................................................................................................... 16

**INTRODUCTION**

The Infinite Homes Defendants[1] and Defendants E.S. Homes, LLC and Eron Heath ("Defendant E.S. Homes") submit this Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs (hereinafter "Fee Motion"). This was not a complex case. The three named Plaintiffs here allege that they worked for Defendants and were not paid overtime and minimum wage in violation of the Fair Labor Standards Act ("FLSA"). This case achieved early resolution when the parties agreed to settle the claims, with the three plaintiffs receiving $18,000, a fraction of the amount initially sought by Plaintiffs. The fact that the case was resolved early—seven months into the litigation—underscores the relative ease with which this case was handled.

Plaintiffs' Counsel seeks nearly **$44,745.83** in fees from a case that did not include any formal written discovery, depositions, or filing any dispositive motions.[2] Notably, the Plaintiffs' Counsel seeks this amount despite being unsuccessful in their initial goal of representing a class of similarly situated individuals. In other words, Plaintiffs' Counsel was not required to exert much effort to reach the outcome in this case. Accordingly, subtracting the $10,000 spent on the failed certification efforts from any fee award is appropriate here. Reduction to the fee award is also necessary for entries that reflect time spent on other unsuccessful aspects of this case or unrelated claims, clerical or administrative work, and for vague, nondescript entries.

Thus, for the reasons further explained below, Plaintiffs are not entitled to recover the total amount of requested fees and costs, and the Court should reduce the fee award accordingly.

---

[1] The Infinite Homes Defendants are comprised of the following twelve named Defendants: **1)** Infinite Homes Group 646/500 LLC, **2)** Infinite Homes Group 218 LLC, **3)** Infinite Homes Group 4108 LLC, **4)** Infinite Homes Group 21AC LLC, **5)** Infinite Homes Group 8N LLC, **6)** Infinite Homes Group 21AA LLC, **7)** Infinite Homes Group 21AD LLC, **8)** Infinite Homes Group 21AE LLC, **9)** Infinite Homes Group 21AHI LL, **10)** Infinite Homes Group 2601 LLC, and **11)** Infinite Homes Group 3629 LLC, **12)** and Shay Mokai who is a member of these LLCs.

[2] Defendants' Motion for Judgment on the Pleadings on Plaintiffs' FLSA claims would not have completely disposed of this action if the Court had granted the motion. Plaintiffs would have been to file and assert their Maryland law claims in state court.

**BACKGROUND**

The Infinite Homes Defendants and Defendant E.S. Homes do not dispute the summary of this litigation recounted in the Plaintiffs' Background section.  *See* Fee Mot. at 2-3.  The Infinite Homes Defendants and Defendant E.S. Homes add the following:

As the Court is aware, this case involves only three plaintiffs who settled for "$18,000" to resolve their claims stemming from allegations that Plaintiffs were not paid for their work for Defendants.[3]  *See* Fee Mot. at 2.  Plaintiffs, through their counsel, initially attempted to pursue a "collective action" under the FLSA to include numerous similarly situated individuals allegedly due additional compensation and asserting state law claims.  *See generally* Collective Action Compl. (ECF 1).  However, a collective action never materialized as the Plaintiffs' Motion for Conditional Certification (along with Defendants' Motion for Partial Judgment on the Pleadings) was denied as moot by the Court after the parties reached a settlement agreement.  *See* ECF 56.  As a result, what remained was the resolution of straightforward wage claims by three plaintiffs.

Plaintiffs' Counsel seeks compensation for more than 120 hours of attorney time and more than 40 hours of paralegal time.  **See Pls.' Counsel's Fee Detail, Ex. 1 to Fee Mot. at 24 (ECF 57-3)**.  Considering the simplistic nature of this case, there was no need for so much time to be expended on this case by ***four experienced attorneys*** and a paralegal.  By way of example, Plaintiffs' Counsel's Fee Detail includes entries under "Motions Practice" for almost $14,000 for nearly 52 hours of work done by Plaintiffs' Counsel.  **See Ex. 1 to Fee Mot. at 8-17**.  From these totals, ***more than $10,000 for nearly 40 hours*** of Plaintiffs' counsel's work was towards pursuing the collection action that never materialized.  **See Ex. 1 to Fee Mot. at 8-17**; *see also See* ECF 56

---

[3] Defendants Alfredo Sandoval and Greilyn Construction LLC failed to appear or otherwise defend, resulting in the Court entering a default entered against these two defendants.  *See* ECF 33.

2

(ordering denying the conditional certification motion as moot). In essence, Plaintiffs' Counsel seeks a windfall of nearly **seventy-five percent (75%)** for work for which the three named Plaintiffs received no tangible benefit as conditional certification did not occur in this case. Courts have denounced plaintiffs' lawyers for "exploiting the fee petition process to turn run-of-the-mill wage disputes into windfalls—not for the plaintiff, but for plaintiff's counsel.'" *Guillen v. Armour Home Improvement, Inc.*, No. DLB-19-2317, 2024 U.S. Dist. LEXIS 148351, at *10 (D. Md. Aug. 20, 2024) (citing cases). Accordingly, the fees incurred for Plaintiffs' unsuccessful efforts at obtaining conditional certification should be subtracted from any award of fees to the Plaintiffs' Counsel. Defendants also object to Plaintiffs' Counsel seeking almost **$2,000** in fees for time spent on other unsuccessful aspects of this case, unrelated claims, on administrative or clerical work, and for time recorded with vague, nondescript entries.

In sum, given the excessive amount of time spent and the relatively limited success achieved by Plaintiffs, a reduction of at least $13,000 and a twenty-five percent reduction across the board is warranted in the attorney fees that the Plaintiffs' Counsel seeks, and any other reductions that this Court deems appropriate.

## LEGAL STANDARDS

Prevailing parties in an action brought under the Fair Labor Standards Act ("FLSA") are "entitled to an award of attorney's fees and costs that they establish as reasonable." *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 242 (4th Cir. 2010). "[A] district court must first determine the lodestar amount (reasonable hourly rate multiplied by hours reasonably expended), applying[twelve] factors when making its lodestar determination." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). The Fourth Circuit has articulated these twelve factors as the following: 1) the time and labor expended; 2) the novelty and difficulty of the questions raised; 3)

3

the skill required to properly perform the legal services rendered; 4) the attorney's opportunity costs in pressing the instant litigation; 5) the customary fee for like work; 6) the attorney's expectations at the outset of litigation; 7) the time limitations imposed by the client or circumstances; 8) the amount in controversy and the results obtained; 9) the experience, reputation and ability of the attorney; 10) the undesirability of the case within the legal community in which the suit arose; 11) the nature and length of the professional relationship between attorney and client; and 12) attorneys' fees awards in similar cases. *Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)) (hereinafter "*Johnson* factors").

"[A]fter calculating the lodestar figure, the 'court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Id.* (quoting *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002)). "Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id. See also Jackson*, 391 F. App'x at 242 ("[A] court should "award some percentage of the remaining amount after reductions for unsuccessful claims, <u>depending on the degree of success enjoyed by the plaintiff</u>." (emphasis in original)).
The fee award amount is subject to the District Court's sound discretion. *See, e.g., Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984).

## **ARGUMENT**

Defendants will organize their disputes with Plaintiffs' Counsel's billing entries based on the categories described in Plaintiff's Fee Detail. "These sections address several *Johnson* factors, including the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, the experience, reputation, and ability of

4

the attorneys, and fee awards in comparable cases." *Fowler v. Tenth Planet, Inc.*, No. 1:21-cv-02430-JRR, 2024 U.S. Dist. LEXIS 141652, at *11 (D. Md. Aug. 9, 2024) (Coulson, M.J.) (doing the same).

### A. Case Development, Pleadings, and Discovery

#### 1. *Plaintiffs' Counsel Cannot Recover Fees for Clerical Work*

Plaintiffs' Counsel's Fee Detail for the categories of "Case Development," "Pleadings," and "Discovery Other than Depositions" contains multiple entries indicating clerical or administrative work as identified below:

| Date | Name | Rate | Hours | Amount | Category | Task | Description |
|---|---|---|---|---|---|---|---|
| 12/12/2022 | Lee Woo Kee | $125.00 | 1 | $125.00 | Case Devel. per App B | Organize File | EWK downloaded client documents and organized vdrive folder |
| 1/24/2023 | Lee Woo Kee | $125.00 | 0.7 | $87.50 | Case Devel. per App B | Telephone Call w/Client | EWK spoke to Jose Amaya and Moises Aleman about next steps re: signing retainer |
| 1/24/2023 | Lee Woo Kee | $125.00 | 1 | $125.00 | Case Devel. per App B | Meeting w/Client | EWK and MC spoke w Luis M about some questions he had about client retainer: fees language |
| 1/26/2023 | Lee Woo Kee | $125.00 | 0.5 | $62.50 | Case Devel. per App B | Meeting w/Staff | EWK, MC, and, DG met to discuss retainer language |
| 2/22/2023 | Lee Woo Kee | $125.00 | 0.8 | $100.00 | Case Devel. per App B | Telephone Call w/Client | EWK and MC spoke w LM and discussed terms of retainer. EWK resent client retainer to LM |
| 5/3/2023 | Lee Woo Kee | $125.00 | 0.2 | $25.00 | Case Devel. per App B | Work On | EWK texted Moises Aleman to check in about signing retainer. EWK forwarded Aleman's response to MC |
| 5/6/2024 | Amy Gellatly | $245.00 | 0.2 | $49.00 | Case Devel. per App B | Prepare | Organize notes to prepare for call with clients |
| 5/6/2024 | Amy Gellatly | $245.00 | 0.2 | $49.00 | Case Devel. per App B | Prepare | Organize notes to prepare for call with clients |
| 5/6/2024 | Amy Gellatly | $245.00 | 0.2 | $49.00 | Case Devel. per App B | Enter Data | Translated notes from call and uploaded to case mgmt system |
| 7/15/2024 | Amy Gellatly | $245.00 | 0.1 | $24.50 | Case Devel. per App B | File Document in Court | File my notice of appearance |

In addition to considering the *Johnson* factors listed above, the Court must evaluate the reported hours expended according to the Local Rules, which contemplate the awarding of attorneys' fees only for work performed by lawyers, paralegals, and law clerks, not for work performed by administrative staff such as legal assistants. *See* Appendix B to D. Md. Local Rules. "Fees for time spent on purely administrative work, regardless of who performs that work, are not recoverable." *Butler v. PP&G, Inc.*, No. 20-3084-JR2023 U.S. Dist. LEXIS 179596, at *8 (D. Md. Oct. 5, 2023) (holding that billing entries "such as paying invoices, monitoring case expenses,

5

and sending correspondence" were "purely administrative in nature"); *see also Ramirez v. 316 Charles, LLC*, No. CV SAG-1903252, 2021 U.S. Dist. LEXIS 31327, 2021 WL 662185, at *3 (D. Md. Feb. 19, 2021) (citing cases discussing examples of clerical work, including scanning and mailing documents, issuing summonses, creating notebooks or files, and updating attorney's calendars); *Pfieffer v. Schmidt Baking Co.*, Civ. No. CCB-11-3307, 2014 U.S. Dist. LEXIS 42707, 2014 WL 1291814, at *4 (D. Md. Mar. 28, 2014) (finding that electronically filing documents was clerical in nature). "Accordingly, any time spent by attorneys, paralegals, or law clerks on clerical tasks such as uploading files to databases or emailing documents must also be discounted." *Butler*, 2023 U.S. Dist. LEXIS 179596, at *8.

Thus, the entries in Plaintiffs' Counsel's Fee Detail identified above for clerical or administrative work, totaling ***$647.50*** in fees, should be excluded.

### 2. *Plaintiffs' Counsel Cannot Recover Fees for Entries with Vague Descriptions*

Plaintiffs Counsel's Fee Detail for these three categories also contains multiple entries for work in this case unrelated to the Infinite Homes Defendants and Defendant E.S. Homes and for work with vague entries that do not appear to have any connection to this case. Those entries are identified below:

| Date | Attorney | Rate | Hours | Amount | Category | Task | Description |
|---|---|---|---|---|---|---|---|
| 12/13/2022 | Monisha Cherayil | $350.00 | 1 | $350.00 | Case Devel. per App B | Telephone Call w/Client | MC and EWK call w/prospective clients re PJC taking the case, including limitations on potential relief and recovery |
| 1/5/2024 | Diana Jarek | $165.00 | 1.4 | $231.00 | Pleadings | File Document in Court | N/A |
| 1/9/2024 | Diana Jarek | $165.00 | 0.6 | $99.00 | Pleadings | File Document in Court | Review 1st Amended Complaint and file |
| 4/16/2024 | David Rodwin | $325.00 | 0.1 | $32.50 | Discovery other than Depos | Draft | email MC and AG re proposed plan concerning scheduling order and show cause order for default |

Plaintiffs' Counsel asserted that they "waived all time spent (1) reviewing the case file, (2) interviewing potential plaintiffs who did not join the case, (3) researching the basis for and drafting an amended complaint that would have named an additional defendant, and (4) pursuing entry of

6

a default and default judgment against Greilyn and Mr. Sandoval." Fee Mot. at 6. In what appears to be a simple oversight, three of the four entries above are part of Plaintiffs' Counsel's fee request. The other entry merely has "N/A," which provides no indication of the work done for this time entry. *See Jackson v. Estelle Place*, LLC, No. 1:08-984, 2009 U.S. Dist. LEXIS 39837, at *3 (D.S.C. May 8, 2009).

Based on Plaintiffs' Counsel's representation about work they have waived and the nondescript "N/A., the four entries above, totaling **$712.50** in fees, should be excluded.

### B. Motions Practice

#### 1. *Entry for Work toward Default Party Should be Excluded*

The following entry below is for work toward "pursuing entry of a default and default judgment against Greilyn and Mr. Sandoval," which Plaintiffs' Counsel has represented to the Court that they are waiving. Fee Mot. at 6.

| 4/17/2024 | Monisha Cherayil | $350.00 | 0.8 | $280.00 | Motions Practice | Draft Email | Draft email re strategy re defaulting parties, early mediation, proposed changes to scheduling order, proposed deposition hours |

Accordingly, at least some of this entry should be reduced based on Plaintiffs' Counsel's representation that this work has been waived.

#### 2. *Plaintiffs' Counsel Is Not Entitled to Recover Fees From the Failed Attempt to Obtain Conditional Certification*

Plaintiffs' Counsel seeks $13,931.58 in fees for 51.78 hours for "Motions Practice." **See Ex. 1 to Fee Mot. at 17.** Notably, from these amounts is more than **$10,000** for nearly 40 hours of Plaintiffs' Counsel's work towards the failed attempt to obtain Conditional Certification, representing more than *seventy-five percent (75%)* of fees charged for "Motions Practice" in the Fee Detail. *See* **Ex. 1 to Fee Mot. at 17** (showing $10,265.00 for 38.6 hours spent toward

7

conditional certification).[4]

Courts in this circuit and across the country have reduced fee requests for failed attempts at certification in collective and class action litigation. *E.g.*, *Lorenzo v. Prime Communs.*, L.P., No. 5:12-CV-69-H-KS, 2018 U.S. Dist. LEXIS 236186, at *26 (E.D.N.C. Sep. 28, 2018) ("The court finds merit in Defendant's arguments for the exclusion of certain hours" including "work performed in connection with the FLSA claims for which conditional certification was denied");. "Indeed, the fact that this action never became a collective action has significance for several of the *Johnson*[] factors—for a collective action would require attorneys with considerable skill and experience and who could manage the greater time and labor necessary." *Pelczynski v. Orange Lake Country Club, Inc.*, Civil Action No. 4:11-cv-01829-RBH, 2014 U.S. Dist. LEXIS 68756, at *9 n.5 (D.S.C. May 20, 2014) (noting that "what ultimately resulted here were individual FLSA claims rather than an FLSA collective action demanding management").

Here, Plaintiffs unsuccessfully pursued a collective action, and so any time associated with the collective action aspect of the litigation, including time spent on Plaintiffs' motion for class certification is not chargeable to Defendants. Accordingly, the Court should subtract $10,265.00 for 38.6 hours spent by Plaintiffs' Counsel toward a failed attempt at obtaining conditional certification from any fee award.[5]

---

[4] Plaintiffs' Counsel asserts that they "cut one-third of the time spent drafting their Motion for Conditional Certification," which reduced the amount toward conditional certification by "$3,241.67." Fee Mot. at 6. However, it is unclear if the "$3,241.67" has already been subtracted from the amount shown in the Fee Detail. The Infinite Homes Defendants and Defendant E.S. Homes will presume that it has, and the amount shown in the Fee Detail is the amount that Plaintiffs' Counsel is seeking for the unsuccessful effort toward conditional certification.

[5] To the extent Plaintiffs' Counsel argue that a tolling agreement would have obviated the need for this work, the email exchange attached to their motion as Exhibit 6 shows that Defendants *agreed to* tolling, but simply requested that the agreement remain private rather than be put in the record. Plaintiffs unreasonably refused Defendants' request and proceed to incur unnecessary fees preparing a needless motion for collective certification.

8

### 3. *The Court should Exercise Its Discretion and Reduce the Fee Award by at Least Twenty-Five Percent, Given the Lack of Complexity and Early Resolution of the Litigation*

"Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008); *see also Chapman v. Ourisman Chevrolet Co.,* No. AW-08-2545, 2011 U.S. Dist. LEXIS 73708, at *56 n.11 (D. Md. July 1, 2011) *(*"[A]cross-the-board reductions are appropriate when billing records are voluminous and numerous billing entries are in dispute.").

"[T]he District Court for the District of Maryland and the Fourth Circuit imposed a twenty-five percent deduction for FLSA cases where the court considered the successful claims to the requested attorneys' fees and "compare[d] the amount of the damages sought to the amount awarded." *Chapman*, 2011 U.S. Dist. LEXIS 73708, at *54 (stating that "[t]his Court will follow similar [FLSA] cases and further impose a downward adjustment of twenty-five percent."). Against this backdrop, an across-the-board reduction of twenty-five percent to the fees the Plaintiffs' Counsel seeks to recover is appropriate.

As described by another district court in this circuit, such claims under the FLSA are "relatively straightforward." *Jackson*, 2009 U.S. Dist. LEXIS 39837, at *3 ("Fees should not be awarded . . . where it is unclear why the hours were expended"). Additionally, "the fact this action was never certified as a collective action suggests a lesser degree of skill required," *Pelczynski*, 2014 U.S. Dist. LEXIS 68756, at *9. The procedural history of this case confirms its relative lack of complexity. There was no formal written discovery, depositions, dispositive motions, expert reports, certified collective action, or trial. The litigation was resolved in just seven months, and the settlement amount is only a fraction of what Plaintiffs sought or could be entitled to under the law. Further, while Plaintiffs' recovered wages may have advanced the purposes of the FLSA,

9

"the social value of the judgment is basically limited to the damages recovered" for Plaintiff. *Fowler v. Tenth Planet, Inc.*, 2024 U.S. Dist. LEXIS 141652, at *32 (D. Md. Aug. 9, 2024) (quotation omitted) (Coulson, M.J.).

Moreover, this Court has recognized the need to account for the tendency toward duplication of effort where multiple attorneys are involved in a single action. *See Obifuele v. 1300, LLC*, 2006 U.S. Dist. LEXIS 60043 at *41 (D. Md. Aug. 23, 2006) ("In addition to examining the number of hours spent on a matter, another consideration is the manner in which the case was staffed. An award of attorneys1 fees may be reduced if an unnecessarily large number of attorneys work on the matter, because their involvement tends to generate a degree of overlap or duplication of work."). Given this case's straightforwardness, ***four attorneys for three plaintiffs*** are excessive. "Much of this time would not have been incurred had the case been staffed from the beginning by one or two lawyers -- the level of staffing that would have been appropriate for a straightforward FLSA overtime case." *Dado v. Speedway Superamerica LLC*, No. 08-CV-1107 (PJS/RLE), 2009 U.S. Dist. LEXIS 84369, at *5-6 (D. Minn. Sep. 15, 2009). The decision in *Hargrove v. Ryla Teleservices.,* Inc., No. 2:11cv344, 2013 U.S. Dist. LEXIS 63902 (E.D. Va. Apr. 12, 2013) illustrates how excessive Plaintiffs' Counsel's fee request is here and why a reduction is necessary. In *Hargrove,* the plaintiffs' counsel was awarded $47,000 in fees for ***230 hours*** where "[c]ounsel's work has resulted in settlement payments for ***239 plaintiffs*** who would likely have received nothing in the absence of counsel's efforts," that included ***exchanging written discovery, competing expert reports, taking and defending more three dozen depositions, preparing and attending hearings and mediation, and obtainining conditional certification*** before settlement was reached. *Id.* (emphasis added). Here, Plaintiffs' Counsel seeks almost the same amount in fees as in *Hargrove* without any of the substantial work done by the plaintiff's counsel in

10

*Hargrove*. Indeed, Attorneys David Rodwin and Amy Gellatly spent a combined 126.5 hours incurring fees totaling ***$32,792.75*** in a case with only three plaintiffs who had straightforward wage claims.[6] ***See* Ex. 1 to Fee Mot. at 25**. That is more than half the time spent by the plaintiffs' counsel in *Hargrove*. Given the significant amount of work and significant success resulting in $47,000 in fees in *Hargrove*, the fee request here is unreasonable as there was not nearly as much activity, complexity, or skill required in this litigation to warrant an award of nearly $50,000 in fees that the Plaintiffs' Counsel seeks here.

"A court may make category-by-category reductions to eliminate hours that were not reasonably expended, then make an across-the-board reduction for that same purpose, so long as the reductions address distinct sources of excess." *Guillen*, 2024 U.S. Dist. LEXIS 148351, at *27 (citing *Jones v. Southpeak Interactive Corp.*, 777 F.3d 658, 675 (4th Cir. 2015) (*Burnside by & Through Bowers v. Boyd*, No. 96-1036, 1996 U.S. App. LEXIS 13465, at *6 (4th Cir. June 6, 1996)). Accordingly, any fees awarded to Plaintiffs' Counsel warrant a significant reduction because of the excessive number of attorneys and hours spent on this case, including reducing the number of hours that attorneys David Rodwin and Amy Gellatly spent working on this case by fifty percent. At each attorney's rates with this reduction, it amounts to $9,668 for Mr. Rodwin and $8,212 for Ms. Gellatly, totaling $**17,896.**

In the Fee Motion under *Attorney Fee Awards in Similar Cases*, Plaintiffs' Counsel emphasizes that the Court should not employ a strict application of proportionality between the amount of judgment and the fee award. Fee Mot. at 14-15 (citing *City of Riverside v. Rivera*, 477 U.S. 561, 566 (1986)). However, this Circuit has instructed that "the most critical factor in

---

[6] Plaintiffs' Counsel's request is all the more unreasonable with respect to Defendants E.S. Homes and Heath, whose counsel provided Plaintiffs' Counsel with informal discovery and a damages calculation showing that Plaintiff Aleman had no claim for damages against these defendants and Plaintiffs Miranda's and Amaya's combined maximum compensatory damages against these defendants amounted to less than $1,000.

11

calculating a reasonable fee award is the degree of success obtained." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 644 (D. Md. 2012) (citing *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)); see also *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983) (holding that when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount").

Plaintiffs' Counsel also cites a litany of cases where fees were significantly higher (sometimes in multiples of ten) than those awarded to several plaintiffs (often dozens) and had the awards reduced. Fee Mot. at 15 (collecting cases).[7] For example, Plaintiffs' Counsel relies on *Almendarez v. J.T.T. Enterprises Corp.*, where the plaintiffs were awarded attorney's fees more than 25 times the amount they recovered in damages *after trial*. Fee Mot. at 15 (citing Civ. No. JKS-06-68, 2010 U.S. Dist. LEXIS 88043, at *3 (D. Md. Aug. 25, 2010)). As this Court said in a case like this, "[c]ertainly, the factual and procedural differences between Almedarez and this case warrant a significantly different ratio between Plaintiff'' damages and the attorney's fees recovered." *Hernandez v. Amber's Disposal, LLC*, No. CBD-18-1809, 2019 U.S. Dist. LEXIS 12322, at *16 (D. Md. Jan. 25, 2019), *see also id.* at *16 n.2 (noting that one of the "key differences" between *Hernandez* and *Almendarez* was the number of plaintiffs an attorney was representing, with three plaintiffs in *Hernandez*'s case versus eight plaintiffs in *Almendarez*'s).

---

[7] Fee Mot. at 15 (citing Chapman, 2011 U.S. Dist. LEXIS 73708, at *41 (awarding $37,292.52 in attorney's that included reductions to account for work for just two plaintiffs and noting that with a "single FLSA claim and the nominal amounts recovered, this Court will follow similar cases and further impose a downward adjustment of twenty-five percent); *Salinas v. Commer. Interiors, Inc.*, No. 8:12-cv-1973-PWG, 2018 U.S. Dist. LEXIS 96731 (D. Md. June 8, 2018) (noting this "protracted litigation began almost six years ago" with seven plaintiffs and requested attorney's fees were for $312,911.53 "**predicated on 996.89 hours of work**" after plaintiffs' obtained summary judgment in their favor); *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 644 (D. Md. 2012) (noting that "plaintiffs sought recovery on behalf of a nationwide class and ultimately won only $13,940.08 in back pay for all eight plaintiffs" and also ruling that ***[t]his award was clearly limited relative to the scope of the litigation" and "reduce[d] the plaintiffs' award by 25% to reflect the relatively low degree of success"***) (emphases added)).

12

In *Hernandez*, the plaintiff's counsel requested $14,324.68 in attorney's fees, which was only three thousand dollars more than the $11,489.32 in total damages the Plaintiffs received. *See* 2019 U.S. Dist. LEXIS 12322, at *16. Just as Plaintiffs' Counsel does here, the plaintiff's counsel in *Hernandez* "direct[ed] the Court to the fact that civil rights cases and FLSA cases often see awards of attorney's fees that 'substantially exceed[ ] damages." Finding cases like *Almendarez* to be inapplicable, "the Court turn[ed] to cases more closely similar to the matter before it" as "guidance." *Id.* The district court found in similar FLSA actions where a settlement was reached early in the litigation, the amount of fees awarded pale in comparison to the fees that Plaintiffs' Counsel is requesting. *Id.* (citing *Customs, LLC*, Civ. A. No. TDC-14-2876, 2015 U.S. Dist. LEXIS 24828, 2015 WL 898196 (D. Md. Mar. 2, 2015) (approving a settlement which included attorneys' fees and costs amounting to $3,545.20 where plaintiffs were awarded nearly $5,600); *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404 (D. Md. 2014) (approving a settlement that was agreed to after informal discovery and ADR and that included $3,000 in attorneys' fees and costs where the plaintiff was awarded $4,500)).[8] Based on this case law, the district court in *Hernandez* approved a settlement after only approximately nine months of litigation and awarded $14,324.68 in attorney's fees for the work toward the plaintiff, being awarded $11,489.32. *Id.*

C. **Alternative Dispute Resolution ("ADR")**

  1. **ADR Entries Include Clerical Work**

---

[8] Plaintiffs' Counsel incorrectly asserts that there "there is not much case law addressing situations where, as here, the parties settle the merits at a similar litigation stage but agree to submit the question of fees to the court." Fee Mot. at 16. The fact that the parties reached a settlement but deferred resolution of the fees to the Court is of no moment. The same guiding principles, i.e. the twelve factors, apply with equal force here, hence the recitation of these factors by Plaintiffs' Counsel in the Fee Motion.

13

The Infinite Homes Defendants and Defendant E.S. Homes do not dispute nearly all of the entries in Fee Detail under "Alternative Dispute Resolution" except the following three entries below, which appear to be clerical in nature:

| Date | Name | Rate | Hours | Amount | Category | Task | Description |
|---|---|---|---|---|---|---|---|
| 5/23/2024 | Amy Gellatly | $245.00 | 0.5 | $122.50 | Alternative Dispute Resolution | Enter Data | Organize and enter notes from client meeting |
| 6/5/2024 | Amy Gellatly | $245.00 | 0.6 | $147.00 | Alternative Dispute Resolution | Review | Organize and review Pls' evidence for informal discovery production to Defs |
| 6/10/2024 | Amy Gellatly | $245.00 | 0.1 | $24.50 | Alternative Dispute Resolution | Telephone Call w/Client | Call 3 clients to remind abt tomorrow's settlement conf. |

For the same reasons articulated in Section A.1 of this Argument regarding exclusions to entries for clerical or administrative work, the three above entries under "Alternative Dispute Resolution" should also be excluded, and the amount of **$314.00** for these entries should be subtracted from any fee awarded to Plaintiffs' Counsel.

D. **Fee Petition**

1. *The Time Spent on the Fee Petition is Excessive*

The Infinite Homes Defendants and Defendant E.S. Homes object to the time (16.6 hours) and amount ($4,747) spent on this task as excessive. Plaintiffs' Counsel asserts they and their firm have many years of experience handling FLSA cases. *See* Ex. 2 to Fee Mot., Decl. of D. Rodwin, ¶ 2-7. Despite this extensive experience, the Fee Motion does not reflect a filing that required a significant amount of time.

Much of the Fee Motion simply recites the well-established legal standards applicable to such motions, whereas the remaining portions of the Motion generally summarize Plaintiffs' Counsel tasks throughout the case and provide an aggregate number of compensable hours for each category discussed above. "Nor is application of the *Johnson* factors particularly complex given the facts and procedural history of the case." *Fowler*, 2024 U.S. Dist. LEXIS 141652, at *32 (Coulson, M.J.). In *Fowler*, this Court ruled that it was excessive for an experienced FLSA plaintiffs' counsel to spend over 20 hours drafting a motion for fees and reduce the number of

14

recoverable hours.  *Id*.  *See also Melgar v. CCC USA LLC*, No. DLB-22-0283, 2023 U.S. Dist. LEXIS 174938, at *6 (D. Md. Sep. 29, 2023) (declining to award fees for 10 hours spent drafting the fee petition, reducing the recoverable fee to five hours); Orellana v. ACL Cleaning, LLC, 2022 U.S. Dist. LEXIS 151039, at *6 (D. Md. Aug. 22, 2022) ("Most alarmingly, [the plaintiffs' counsel billed thirteen (13) hours to drafting this attorney's fee motion.  It is inappropriate for nearly fifteen percent (15%) of the hours requested for the entire case to have been devoted to one attorney's work on the fee request. The court will strike all but five (5) hours from the time.")

Accordingly, the Court should do the same and reduce the number of recoverable hours spent on the Fee Motion to **five hours** at attorney Rodwin's rate, which amounts to $**1,625.**

E. **Requested Costs**

1. *There is No Supporting Evidence for the Requested Costs*

Plaintiffs have not explained how they calculated their request for costs other than the cost of filing the Complaint, and "$1,225 was the cost of serving such a large number of defendants." Fee Mot. at 16.  As an initial matter, that claim is specious given that the defendant entities were all associated with the individually named defendants, and thus, service should not have been that complicated.  However, Plaintiffs' Counsel does not provide any explanation of how the cost of service was calculated.  Instead, Plaintiffs refer the Court to a document (appearing to be created solely for the purpose of the Fee Motion) with a single line item that reads: "Same Day Process charges for service and service attempts" for $1,225.00.  This is insufficient.

Plaintiffs' Counsel has not submitted a single invoice, receipt, bank statement, or canceled check for this claimed expense.  Likewise, Plaintiffs' Counsel fails to explain why same-day service was necessary, which likely increased this cost exponentially. A "firm is not entitled to recover the cost of every convenience it desires—only the costs that are relevant and reasonable." *Guillen*, 2024 U.S. Dist. LEXIS 57339, at *62 (quotation marks omitted).

15

Because there is no way for Defendants or the Court to determine how the Plaintiffs calculated costs for service, the Court should exclude the charge of $1,225 in costs from any fee award. *Accord Lorenzo*, 2018 U.S. Dist. LEXIS 236186, at *31 (denying requests for costs where plaintiffs did not provide supporting information for the requested costs); *Fowler*, 2024 U.S. Dist. LEXIS 141652, at *32 (Coulson, M.J.) (same).

### CONCLUSION

The number of hours spent on this case sought by the Plaintiffs' Counsel is not justified by the facts. The Plaintiffs were unsuccessful in pursuing their goal of a collective action, and three named Plaintiffs settled their claims for a fraction of what they claimed they were worth. Accordingly, Infinite Homes Defendants and Defendant E.S. Homes respectfully request that the Court subtract from any fees awarded the following amounts: **$10,265** in fees for the failed effort to obtain conditional certification; **$1,954** in fees for entries reflecting work that is clerical, entries unrelated to the Infinite Homes Defendant or this case, entries with vague descriptions; **$14,896** reflecting the fifty-percent reduction in excessive hours spent by attorneys David Rodwin and Amy Gellatlys; **$3,122** in excessive hours preparing the Fee Motion; **$1,225** in unsubstantiated costs of service; and **twenty-five percent (25%)** across-the-board reduction in fees in accordance with this District's practice in FLSA cases where limited success is achieved. This leaves Plaintiffs' Counsel with $9,962.25, which is sufficient compensation for their work.

WHEREFORE, for the foregoing reasons, the Court should deny Plaintiffs' Motion For Attorneys' Fees and Cost and reduce any fee award accordingly.

Dated:  September 11, 2024

                                              Respectfully submitted,

                                              /s/ Abdullah H. Hijazi
                                              Abdullah H. Hijazi (Bar No. 19797)
                                              Martin D. Zhou (Bar No. 20897)

                                               Hijazi & Carroll, P.A.
                                               3231 Superior Lane, Suite A-26
                                               Bowie, Maryland 20715
                                               (T): (301) 464-4646
                                               (F): (301) 464-4188
                                               ahijazi@hzc-law.com
                                               mzhou@hzc-law.com

                                               *Counsel for Infinite Homes Defendants*

                                               /s/ Joseph M. Creed
                                               Joseph M. Creed (Bar No. 17134)
                                               Bramnick Creed, LLC
                                               4550 Montgomery Ave., Suite 760N
                                               Bethesda, MD 20814
                                               (301) 945-7800
                                               jcreed@bramnickcreed.com
                                               *Counsel for Defendants*
                                               *E.S. Homes, LLC and Eron Heath*

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing was e-filed and e-served over CM/ECF on May 28, 2024, to all counsel of record and mailed postage prepaid to:

Greilyn Construction LLC
4909 Orville Ave.
Baltimore, MD 21205

Alfredo Sandoval
4909 Orville Ave.
Baltimore, MD 21205

                                               /s/ Abdullah H. Hijazi
                                               Abdullah H. Hijazi